UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LIFE TECHNOLOGIES CORPORATION and
APPLIED BIOSYSTEMS LLC,

                       Plaintiffs,

          -against-

AB SCIEX PTE. LTD. and
DH TECHNOLOGIES DEVELOPMENT
PTE LTD.,

                  Defendants.

------------------------------------------------------------x

11 Civ. 0325 (RJH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/11

## JOINT ~~PROPOSED~~ SCHEDULING ORDER 

    As directed by the Court's Order dated February 23, 2011, the parties, by their

undersigned counsel, submit the following Proposed Scheduling Order.

**1.**    **Description of the Case**

    **a.**    **Attorneys**

    The attorneys of record for plaintiffs Life Technologies Corporation ("Life Tech")

and Applied Biosystems ("AB LLC") (together, "plaintiffs") are T. Christopher

Donnelly, Jeffrey M. Ernst, Adam B. Ziegler, and Kelly A. Hoffman of Donnelly,

Conroy and Gelhaar, LLP; and Stanley K. Shapiro of The Law Offices of Stanley K.

Shapiro.  Mr. Donnelly will serve as plaintiffs' lead trial attorney.

    The attorneys of record for defendants AB Sciex Pte. Ltd. ("AB Sciex") and DH

Technologies Development Pte Ltd. ("DHTD") (together, "defendants") are Dane H.

Butswinkas, Tobin J. Romero, Kannon K. Shanmugam, Daniel M. Dockery and

Katherine M. Turner of Williams & Connolly LLP.  Mr. Butswinkas will serve as defendants' lead trial attorney.

### b.      Basis for Federal Jurisdiction

This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367. Plaintiffs also contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### c.      Description of Claims Asserted

As of September 2, 2009, Life Tech, Danaher Corporation ("Danaher") and DHTD (a Danaher affiliate) entered into a Stock and Asset Purchase Agreement ("Purchase Agreement"), in which Life Tech agreed to sell and DHTD to buy substantially all of the assets comprising Life Tech's mass spectrometry business.  As part of the sale, plaintiffs agreed to license their AB SCIEX word mark and logo ("the AB SCIEX Marks") to AB Sciex for certain uses.  The parties agreed on the scope of that license in a Trademark License Agreement ("License Agreement"), which became effective January 29, 2010.

Plaintiffs allege that AB Sciex has used the AB SCIEX Marks to promote its mass spectrometry platforms, reagents, application software and liquid chromatography products and that such uses violate the License Agreement.  Plaintiffs have asserted claims for breach of contract (Counts One and Two); violations of the Lanham Act (Count Three); common law trademark infringement (Count Four); and dilution under N.Y. Gen. Bus. Law § 360-l  (Count Five).

### d.      Major Legal and Factual Issues

2

The major issue in this case is the extent of the license plaintiffs granted to AB Sciex in the License Agreement.

### e.     Relief Sought

Plaintiffs seek an order from the Court enjoining defendants from using the AB SCIEX Marks in connection with any business, activities, products, or services except Mass Spec Operations, as defined in the License Agreement.  Plaintiffs further seek monetary damages in the amount of their actual damages and AB Sciex's profits, as well as attorneys' fees, costs and prejudgment interest.

### 2.     Proposed Case Management Plan

Pending before this Court is Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 3).  Section 11.6 of the Purchase Agreement mandates arbitration of certain disputes, but the contractual arbitration provisions allow a Court action that seeks preliminary injunctive relief.  Whether this case will proceed before this Court past the preliminary injunction motion is in dispute.

It is AB Sciex's position that it is not subject to arbitration, because it is not a party to the Purchase Agreement.  Plaintiffs believe that the question of whether § 11.6 applies to AB Sciex is not yet ripe.  Resolving that question now would require considerable expenditure of resources both by the parties and the Court.  Plaintiffs would have to file a motion to compel arbitration; both sides would submit briefing on the motion; and the Court would have to rule on the issue.  But all of that may be unnecessary.  AB Sciex has agreed to participate in the mediation procedures contemplated by the Purchase Agreement in an effort to resolve the case, on the condition that its participation not serve as evidence that AB Sciex is bound to arbitrate.  If the case

settles in that mediation, § 11.6's application to AB Sciex would become moot. Accordingly, in order to avoid what may be unnecessary expenditures of judicial and party resources, plaintiffs request the Court to defer consideration of whether AB Sciex is subject to § 11.6 until after the mediation.

In the event the Court finds that §11.6 does not apply to AB Sciex, in which case plaintiffs' dispute with AB Sciex would proceed to final adjudication by the Court (rather than in arbitration), the parties propose the following case management plan.

- a. **Pending Motions:** Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 3); Defendants' Consent Motion for Leave to File Response (Dkt. No. 40)

- b. **Cutoff Date for Joinder of Additional Parties:** September 1, 2011

- c. **Cutoff for Amendments to Pleadings:** September 1, 2011

- d. **Discovery**
    - i. **Date for Rule 26(a)(1) Disclosures:** April 8, 2011
    - ii. **Fact Discovery Completion Date:** November 1, 2011
    - iii. **Date for Rule 26(a)(2) Disclosures:** November 15, 2011
    - iv. **Expert discovery Completion Date:** December 30, 2011

- e. **Date for Filing Dispositive Motions:** January 31, 2012

- f. **Date for Final Pre-Trial Order:** January 31, 2012

- g. **Trial Schedule:**
    - i. **Jury:** Yes
    - ii. **Probable Length of Trial:** One week
    - iii. **Case Ready for Trial:** April 2, 2012.

3. **Magistrate Judge:** The parties do not consent to proceed before a Magistrate Judge

4. **Status of Settlement Discussions:**

Negotiations among executives have not resulted in resolution.  The parties,

however, are in the process of arranging mediation, and expect to mediate in April 2011.

*A status conference shall be held at the close of fact discovery on Nov. 4, 2011 at 10:00 a.m.*

*So ORDERED*

*USDJ*

*3/30/11*